UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-61732-DIMITROULEAS/VALLE

CATHEDRAL OF PRAISE
WORSHIP CENTER, INC.,

    Plaintiff,

v.

SCOTTSDALE INSURANCE
COMPANY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE

THIS MATTER is before the Court upon Defendant's Motion to Compel Appraisal, to Stay Litigation, to Delineate and Itemize Appraisal Award, and to Strike Plaintiff's Claim for Attorney's Fees (ECF No. 9) (the "Motion"). U.S. District Judge William P. Dimitrouleas referred the Motion to the undersigned for appropriate disposition or a report and recommendation. (ECF No. 10); *see also* 28 U.S.C. § 636(c).

After due consideration of the record, the Motion, Plaintiff's Response (ECF No. 11), Defendant's Reply (ECF No. 12), and being otherwise fully advised on the matter, the undersigned respectfully recommends that the Motion be **GRANTED IN PART AND DENIED IN PART** for the reasons set forth below.

### I.    BACKGROUND

On or about July 24, 2020, Plaintiff Cathedral of Praise Worship Center, Inc. ("Plaintiff") filed this insurance coverage case against Defendant Scottsdale Insurance Company ("Defendant") in Circuit Court in the Seventeenth Judicial Circuit in Broward County, Florida. *See generally*

(ECF No. 1).  Plaintiff alleged that the property located at 4035 SW 18th Street, Hollywood, Florida 33023 (the "Property")[1] suffered a loss covered under the insurance policy No. CPS2888432 (the "Insurance Policy").  *See generally* (ECF No. 1-1).  On or about August 25, 2020, Defendant removed the action to federal court.  (ECF No. 1 at 1-5).  Defendant thereafter filed the instant Motion, seeking to compel an appraisal (delineated and itemized), to stay the litigation, and to strike Plaintiff's claim for attorney's fees.  *See generally* (ECF No. 9).  Defendant does not dispute "that a covered loss has occurred at the Property, but contends that the covered estimated damages are less than the damages claimed by Plaintiff."  (ECF No. 9 at 2).  Thus, Defendant seeks an "appraisal based on the disagreement over the value of the property or the amount of loss."  *Id.*

The Insurance Policy contains an appraisal provision, which states:

> **2. Appraisal**
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
> a. Pay its chosen appraiser, and
> b. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

(ECF No. 9-1 at 90) (the "Appraisal Provision").

---

[1] Although the Complaint alleges that the Property was located in "West Park, FL.," the Insurance Policy lists the address of the Property as "Hollywood, FL."  *Compare* (ECF No. 1-1 ¶ 4) *with* (ECF No. 9 n.1).

2

In its response, Plaintiff does not object to a determination of the amount of loss through the process in the Appraisal Provision, but asserts that it "does not intend to waive its rights to have this Court, or a jury decide issues of coverage or the application of policy exclusions, if raised by Defendant." (ECF No. 11 at 2). Plaintiff also opposes Defendant's request for a delineated appraisal award as beyond the language of the Insurance Policy. *Id.* at 2-3. Moreover, Plaintiff opposes Defendant's request for a stay of the entire litigation, arguing that the depreciation amount withheld by Defendant is due and owing, and should be determined by the Court regardless of any appraisal. *Id.* at 2.

## II.   DISCUSSION

### A. Relevant Legal Principles

"In Florida, appraisal provisions contained within insurance policies are generally treated the same as arbitration provisions." *Baldwin Realty Grp., Inc. v. Scottsdale Ins. Co.*, No. 6:18-CV-785-Orl-41-DCI, 2018 U.S. Dist. LEXIS 181709, at *8 (M.D. Fla. Sep. 6, 2018) (citation omitted). Thus, "motions to compel appraisal should be granted whenever the parties have agreed to the provision." *Id.*; *see also Preferred Mut. Ins. Co. v. Martinez*, 643 So.2d 1101, 1103 (Fla. 3d DCA 1994) (noting that motions to compel arbitration should be granted whenever the parties have agreed to arbitration and the court entertains no doubts that such an agreement was made). Further, the "enforcement of appraisal provisions [is] preferred over lawsuits 'as they provide a mechanism for prompt resolution of claims and discourage the filing of needless lawsuits.'" *Baldwin Realty Grp.,* 2018 U.S. Dist. LEXIS 181709, at *8.; *see also Fla. Ins. Guar. Ass'n, Inc. v. Olympus Ass'n, Inc.*, 34 So. 3d 791, 794 (Fla. 4th DCA 2010) (same).

Moreover, appraisals are creatures of contract and the subject or scope of an appraisal depends on the contract provisions. *Fla. Ins. Guar. Ass'n v. Branco*, 148 So. 3d 488, 491 (Fla. 5th

DCA 2014) (citing *Citizens Prop. Ins. Corp. v. Casar*, 104 So. 3d 384, 385-86 (Fla. 3d DCA 2013). Absent ambiguity, the plain meaning of an insurance policy controls. *Branco*, 148 So. 3d at 491. Courts should resort to rules of interpretation only when the policy language is ambiguous or otherwise susceptible to multiple meanings. *Id.*

Here, the parties do not dispute the applicability of the Appraisal Provision. Indeed, as noted previously, Plaintiff does not oppose using the appraisal process to determine the amount of loss. (ECF No. 11 at 2). The issues, therefore, become whether the case should be stayed in its entirety pending an appraisal and the type of appraisal that should occur.

### B. *The Appraisal Provision and a Stay of Litigation*

As discussed below, the undersigned finds that enforcement of the Appraisal Provision warrants a stay of the litigation in its entirety. First, Plaintiff's argument that the amount withheld for depreciation[2] is not subject to the prospective appraisal is inconsistent with a plain meaning of depreciation. "Depreciation" means "[a] decline in an asset's value because of use, wear, obsolescence, or age." *Black's Law Dictionary* (11 ed. 2019). Thus, depreciation is directly related to an asset's value. Here, the value of any potential loss will be determined by an appraisal pursuant to the Appraisal Provision.

Moreover, the Insurance Policy confirms that depreciation is part of replacement costs. (ECF No. 9-1 at 95) (defining replacement costs under section G.3.a). In turn, an insured may make a claim for loss or damage covered by the insurance on an actual cash value basis or a replacement costs basis. *Id.* (containing section G.3.c); *see also* (ECF No. 12 at 3-4). Therefore, payment of depreciation prior to the completion of an appraisal under the Appraisal Provision would go against the contractual scheme for potential coverage on a claim for loss. *See also*

---

[2] According to Plaintiff, Defendant has withheld $47,323.68 for depreciation. (ECF No. 11 at 2).

4

*Cincinnati Ins. Co. v. Cannon Ranch Partners, Inc.,* 162 So. 3d 140, 143 (Fla. 2d DCA 2014) (in evaluating the amount of loss, an appraiser is necessarily tasked with determining both the extent of covered damage and the amount to be paid for repairs. Thus, the question of what repairs are needed to restore a piece of covered property is a question relating to the amount of "loss" and not coverage); *U.S. Fid. & Guar. Co. v. Romay,* 744 So. 2d 467, 469 (Fla. 3d DCA 1999) (noting that issues involving appraisals, by their nature, are narrowly restricted to the resolution of specific issues of actual cash value and amount of loss). Lastly, a stay of the litigation pending completion of the appraisal will promote judicial economy and efficiency. *See, e.g.,* (ECF No. 12 at 5) (noting that to separately litigate the recovery of depreciation prior to the appraisal process is counterintuitive).

Accordingly, the undersigned recommends that the Court stay the entire litigation pending enforcement of the Appraisal Provision.

### C. The Insurance Policy Does Not Require a Delineated Appraisal Award

Defendant also requests a "line itemization of damages and delineation of scope in the appraisal award to assist expediting any future coverage issues or defenses that may arise." (ECF No. 9 at 5). Significantly, however: (i) the insurance policy is silent as to how the appraisers are to conduct the appraisal and the form that the award should take; and (ii) Plaintiff opposes a delineated appraisal award. (ECF No. 11 at 2).

While a line-item approach may well aid the Court and the parties, the issue is not whether the approach is "preferred," but whether it can be compelled over the objection of one of the contracting parties. *White Surf Condo. Mgmt. Ass'n, Inc. v. Lexington Ins. Co.*, No. 6:17-CV-1203-Orl-40TBS, 2017 WL 10084143, at *1 (M.D. Fla. Aug. 10, 2017). "In interpreting insurance contracts, the Florida Supreme Court has made clear that 'the language of the policy is the most

important factor.'" *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (citation omitted).  It has further held that courts may not "rewrite contracts, add meaning that is not present, or otherwise reach results contrary to the intentions of the parties." *White Surf Condo. Mgmt. Ass'n*, 2017 WL 10084143, at *1 (citation omitted).

      Here, the Appraisal Provision delineates the procedure that the appraisers must follow: After the selection of two appraisers (one per side) and one umpire, "[t]he appraisers will state separately the value of the property and amount of loss.  If they fail to agree, they will submit their differences to the umpire.  A decision agreed to by any two will be binding." (ECF No. 9-1 at 90). The Appraisal Provision does not specify how the appraisers should conduct the appraisal or the form the award should take.  Nor does it provide for the line-item approach urged by Defendant. Accordingly, Defendant's request for a delineated appraisal should be denied.  *See, e.g.*, *ABC Univ. Shops, LLC v. Scottsdale Ins. Co.,* No. 18-60562-CV, 2018 WL 6267943, at *2 (S.D. Fla. Nov. 30, 2018) (denying defendant's request for a delineated appraisal award where the plain language of the policy did not require it); *White Surf Condo. Mgmt. Ass'n*, 2017 WL 10084143, at *1 (denying defendant's requests for a delineated appraisal under facts similar to the instant case); *Cf.  Neumann v. GeoVera Specialty Ins. Co.,* No. 3:19-CV-463-J-32JBT, 2019 WL 5085312, at *4 (M.D. Fla. July 31, 2019), *report and recommendation adopted sub nom. Neumann v. Geovera Specialty Ins. Co.*, No. 3:19-CV-463-J-32JBT, 2019 WL 5085302 (M.D. Fla. Aug. 19, 2019) (recommending an appraisal with line itemization of damages and delineation of scope where plaintiff did not address the request); *Baldwin Realty Grp.,* 2018 U.S. Dist. LEXIS 181709, at *18 (granting defendant's request for a delineated appraisal where plaintiffs did not state position and court construed request as unopposed); *Bonafonte v. Lexington Ins. Co.*, No. 08-21062-CIV, 2008

6

WL 2705437, at *2 (S.D. Fla. July 9, 2008) (granting a delineated appraisal award where plaintiff failed to respond to defendant's request).

### D. *Request for Attorney's Fees in the Complaint*

Defendant argues that Plaintiff's request for attorney's fees should be stricken because fees are not permissible under Florida statute § 627.428. (ECF No. 9 at 6-7). In response, Plaintiff concedes that the Complaint references the wrong statutory provision and that the correct provision should be to § 626.9373. (ECF No. 11 at 3). Plaintiff, therefore, requests leave to amend the Complaint to seek attorney's fees under the correct Florida statute. *Id.* Defendant did not address Plaintiff's request for leave to amend the Complaint in its Reply. *See* (ECF No. 12).

Under these circumstances, the undersigned recommends that Plaintiff be given leave to amend the Complaint to seek attorney's fees under the correct Florida statute.

## III. RECOMMENDATION

For the reasons discussed above, the undersigned respectfully **RECOMMENDS** that Defendant's Motion to Compel Appraisal, to Stay Litigation, to Delineate and Itemize Appraisal Award, and to Strike Plaintiff's Claim for Attorney Fees (ECF No. 9) be **GRANTED IN PART AND DENIED IN PART** as follows:

1. Defendant's request for an appraisal should be **GRANTED** and the Court should direct the parties to proceed with the appraisal process set forth in the Appraisal Provision of the Insurance Policy.

2. Defendant's request for an itemized and delineated appraisal should be **DENIED**;

3. The case should be **STAYED** pending the completion of the appraisal. Upon completion of the appraisal, the parties should immediately file a notice with the Court advising that the stay should be lifted. Further, if the appraisal is incomplete or a notice is not filed sooner,

the parties should be required to file a report within 60 days from the District Judge's Order on the Motion. *See, e.g., Gulf Coast Sunshine Props., LLC v. Econ. Preferred Ins. Co.*, No. 18-CV-709-FtM-99CM, 2018 U.S. Dist. LEXIS 211588, at *4 (M.D. Fla. Dec. 17, 2018) (staying case pending appraisal and ordering periodic status report);

    4.    Defendant's motion to strike the attorney's fee provision in the Complaint should be **GRANTED IN PART** to the extent that Plaintiff should be permitted to file an Amended Complaint seeking attorney's fees under the appropriate Florida statute;

    5.    The Court may terminate all deadlines and **ADMINISTRATIVELY CLOSE** the case pending completion of the appraisal.

Within **fourteen (14)** days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** at Chambers, in Fort Lauderdale, Florida on November 13, 2020.

*[signature]*

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge William P. Dimitrouleas
     All Counsel of Record